IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HAROLD S. MARTIN,

        Petitioner,

v.                                      CIVIL ACTION NO.   2:14-cv-16158

DAVID BALLARD,

        Respondent.

**MEMORANDUM OPINION & ORDER**

Petitioner Harold S. Martin seeks habeas relief under 28 U.S.C. § 2254. Pending before the court are Respondent's Motion for Summary Judgment, ECF No. 13, and Petitioner's Motion for Partial Summary Judgment, ECF No. 19. These motions were referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636. On August 28, 2015, Judge Tinsley filed his Proposed Findings and Recommendation, ECF No. 26 ("PF&R"). On September 14, 2015, Petitioner filed his objections to the Proposed Findings and Recommendation. Pet'r's Objs. to the Proposed Findings and Recommendation of the U.S. Mag. J., ECF No. 30 ("Pet'r's Objs."). Also pending before the court is Petitioner's Motion to Exceed Page Limitation, ECF No. 29, which is **GRANTED**. For the reasons stated below, the court **ADOPTS** the Proposed Findings and Recommendation and **DISMISSES** Petitioner's

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 2 ("Petition").

## I. Background

The facts of this case are adequately set forth in the Proposed Findings and Recommendation, which I **ADOPT** and incorporate herein.

## II. Legal Standard

If a magistrate judge issues a recommendation on a dispositive matter to which specific objections are filed, the court reviews the recommendation de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections that are "too general or conclusory to focus attention on any specific error" do not trigger de novo review. *Lester v. Ballard*, No. 2:10-cv-00819, 2011 WL 183376, at *5 (S.D. W. Va. Jan. 20, 2011) (citing *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review" and instead need only review the recommendation for clear error. *Diamond*, 416 F.3d at 315.

## III. Discussion

Petitioner objects to the Proposed Findings and Recommendation on myriad fronts. At the outset, Petitioner objects to Judge Tinsley's conclusion that grounds one and three of the Petition are unexhausted. In doing so—and for the first time—Petitioner requests a stay and abeyance, which would allow him to pursue these

2

claims in state court before proceeding here.[1] A stay and abeyance "should only be available in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has not made any effort to show cause for his failure to exhaust his claims. So the court declines to grant Petitioner's request for a stay and abeyance.

On the merits, Petitioner objects to Judge Tinsley's conclusion that "the State presented sufficient evidence to support all of [Petitioner's] convictions." PF&R 34. On this front—and without providing an all-inclusive account of the many and convoluted objections—Petitioner raises objections concerning whether the indictment should have mentioned "sexual gratification," whether the definition of "breasts" is a legal question, whether intentional touching of buttocks constituted "sexual contact" at the time of the offense, whether he was entitled to instructions on lesser included offenses, and whether he waived his equal protection claims. Next, Petitioner objects to Judge Tinsley's conclusion that Petitioner "failed to demonstrate that his counsel's conduct fell below an objective standard of reasonableness." PF&R 39. Finally, Petitioner objects to Judge Tinsley's conclusion that any instruction error was harmless because "any reasonable trier of fact could have found the essential elements of first degree sexual abuse under either the 1976 or 1986 definitions."

---

[1] Petitioner filed a petition for post-conviction relief in state court on May 15, 2015; the petition was denied on July 28, 2015; and Petitioner filed his notice of appeal with the Supreme Court of Appeals of West Virginia before August 28, 2015. Pet'r's Objs. 2–3.

PF&R 46. The court has reviewed de novo the portions of the Proposed Findings and Recommendations to which Petitioner objects; the court **FINDS** Petitioner's objections are without merit.

IV. **Conclusion**

The court **GRANTS** Petitioner's Motion to Exceed Page Limitation, ECF No. 29. Because the court agrees with Judge Tinsley's thorough analysis of the issues presented in this case and Petitioner does not offer meritorious objections to the Proposed Findings and Recommendation, the court **OVERRULES** Petitioner's objections and **ADOPTS** Judge Tinsley's Proposed Findings and Recommendation, ECF No. 26. Accordingly, the court **GRANTS** Respondent's Motion for Summary Judgment, ECF No. 13; **DENIES** Petitioner's Motion for Partial Summary Judgment, ECF No. 19; and **ORDERS** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 2, be **DISMISSED with prejudice** and **STRICKEN** from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 17, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE