## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

HAROLD S. MARTIN,

                Petitioner,

v.                              CIVIL ACTION NO.   2:14-cv-16158

DAVID BALLARD,

                Respondent.

### MEMORANDUM OPINION & ORDER

Pending before the court is the petitioner's Motion to Amend or Alter Judgment [ECF No 35].

On September 17, 2015, the court entered its Memorandum Opinion & Order [ECF No. 32] and Judgment Order [ECF No. 33] in this case. The court adopted the Proposed Findings & Recommendation [ECF No. 26] ("PF&R") filed by United States Magistrate Judge Dwane L. Tinsley, overruling the petitioner's Objections to the PF&R [ECF No. 30]. Accordingly, the court granted the respondent's Motion for Summary Judgment [ECF No. 13], denied the petitioner's Motion for Partial Summary Judgment [ECF No. 19], and dismissed the petitioner's Petition for Writ of Habeas Corpus [ECF No. 2]. In his Motion to Amend or Alter Judgment, the petitioner moves for the court to amend its judgment.

First, the petitioner asks the court to issue a certificate of appealability. Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue "only if the application has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that reasonable jurists would find that any assessment of the constitutional claims by the court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *E.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Accordingly, to the extent the petitioner moves for the court to address whether to issue a certificate, the Motion to Amend of Alter Judgment is **GRANTED**. However, to the extent the petitioner moves for the court to *issue* a certificate, the court concludes the governing standard is not satisfied in this case and **DENIES** the Motion to Amend or Alter Judgment.

Second, the petitioner asks the court to reconsider its denial of the petitioner's request for a stay and abeyance. There are three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Motions to alter or amend judgment "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment,

2

nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

The court denied the requested stay and abeyance because the petitioner did not make any effort to show cause for his failure to exhaust his claims. *Cf. Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding a petitioner must show "good cause for [his] failure to exhaust his claims first in state court"). In his Motion to Alter or Amend, the petitioner merely raises arguments that were raised or should have been raised prior to the court's judgment.

Accordingly, to the extent the petitioner moves for the court to amend or alter its judgment insofar as it denied a stay and abeyance, the Motion to Amend or Alter is **DENIED**.

In conclusion, the petitioner's Motion to Alter or Amend Judgment [ECF No. 35] is **GRANTED in part** and **DENIED in part**. Specifically, the Motion to Alter or Amend Judgment is **GRANTED** to the extent the petitioner moves for the court to address whether to issue a certificate; however, the Motion to Alter or Amend Judgment is **DENIED** to the extent the petitioner moves for the court to *issue* a certificate and moves for the court to amend or alter its judgment insofar as it denied a stay and abeyance. Therefore, the court **AMENDS** its Memorandum Opinion & Order [ECF No. 32] and Judgment Order [ECF No. 33] to incorporate this Memorandum Opinion & Order, including the denial of a certificate of appealability.

3

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      October 1, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE